IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRON BROWN, | |
| Petitioner, | 8:20CV343 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on preliminary review of Petitioner Terron Brown's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254 on August 24, 2020. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he submitted a two-page, typed document that does not clearly indicate the judgment challenged.

Third, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the State of Nebraska as Respondent in this matter, which is not the proper respondent.

Based on these deficiencies, Petitioner's petition is deemed insufficient and the court will not act upon it. However, on the court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus.

Petitioner has also filed a motion requesting the appointment of counsel. (Filing 6.) "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. The pending Petition (filing 1) is deemed insufficient and the court will not act upon it.

2. By **October 28, 2020**, Petitioner shall file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury and in which he names a proper respondent. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number.

2

Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3. The clerk of the court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **October 28, 2020**: Check for amended petition.

5. Petitioner's Motion for Appointment of Counsel (filing 6) is denied without prejudice to reassertion.

Dated this 28th day of September, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge