IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TERRON BROWN,

　　　　　　　　Petitioner,

　　vs.

STATE OF NEBRASKA, and TODD
WASMER, Warden;

　　　　　　　　Respondents.

**8:20CV343**

**MEMORANDUM AND ORDER**

This matter is before me on initial review of Petitioner Terron Brown's Amended Petition for Writ of Habeas Corpus (filing 11) brought pursuant to 28 U.S.C. § 2254 to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. I apply Rule 4 of the Rules Governing Section 2254 Cases. I now dismiss the petition with prejudice.

Liberally construed, summarized and condensed, Brown claims his due process and Sixth Amendment rights were violated because the prosecution appealed his sentence in violation of the terms of his plea agreement and his counsel failed to place the entire plea agreement on the record, failed to accurately convey the terms of the plea agreement to Brown, and failed to timely object to the prosecution's appeal of the sentence as breaching the plea agreement. In a prior habeas case in this court, the Honorable Warren K. Urbom resolved similar claims against Brown. *Brown v. State of Nebraska*, Case No. 8:10CV236 (D.Neb.) (Filing 31, Aug. 31, 2011 Memorandum and Order dismissing petition with prejudice on the merits). The decision was affirmed by the Eighth Circuit Court of Appeals, and Brown's petition for writ of certiorari was denied by the Supreme Court. (Filings 47 & 50, Case No. 8:10CV236.)

"A claim *presented* in a second or successive habeas corpus application under section 2254 that was *presented* in a prior application shall be dismissed." 28 U.S.C. § 2244 (b)(1) (emphasis added). *See Gonzalez v. Crosby*, 545 U.S. 524, 529–30 (2005) (Under provision of Antiterrorism and Effective Death Penalty Act (AEDPA) governing second or successive habeas petitions, if the claim presented in the second or successive petition was also presented in the prior petition, the claim must be dismissed). Brown's present claims were presented in his prior habeas petition and must, therefore, be dismissed.

Even if Brown could somehow avoid the bar of § 2244(b)(1), he would be required to seek the permission of the Court of Appeals to commence this second action. The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

Here, Brown challenges his same 2005 conviction for second degree murder that he unsuccessfully challenged in Case No. 8:10CV236. Thus, Brown would be required to seek the permission of the Eighth Circuit Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, Brown has failed to make a substantial showing of the denial of a constitutional right. I am not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, I will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that the amended habeas corpus petition (filing 11) is dismissed with prejudice. No certificate of appealability has been or will be issued in this matter. The court will enter judgment by separate document.

3

Dated this 25th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge