IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRON BROWN,<br><br>    Petitioner,<br><br>  vs.<br><br>STATE OF NEBRASKA, and TODD WASMER, Warden;<br><br>    Respondents. | 8:20CV343<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on Petitioner Terron Brown's Motion for Reconsideration (filing 17), which the court construes as a Rule 59(e) motion to alter or amend[1] the court's January 25, 2021 Memorandum and Order (filing 13) and Judgment (filing 14) dismissing Brown's Amended Petition for Writ of Habeas Corpus (filing 11) with prejudice.

  Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id*.

  Here, Brown argues the court erred when it determined that his habeas petition was a second or successive petition because his "first § 2254 filing (Brown v. State of Nebraska, Case No. 8:10CV236) can not [sic] be legaly [sic] construed as a first claim 'presented' because the court entertaining the motion did no have jurisdiction to do so" since Brown had not exhausted his state court remedies.

---

[1] A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.P. 59(e). Petitioner's motion was timely filed on February 5, 2021.

(Filing 17 at CM/ECF pp. 9–10.) Brown contends that the Honorable Warren K. Urbom's ruling on the merits of Brown's first habeas petition violated 28 U.S.C. § 2254(b)(1)(A)[2] because Brown had not exhausted his state court remedies at the time he filed his petition in Case No. 10CV236 as he could not pursue Nebraska state postconviction remedies until after he completed his federal sentence and began serving his Nebraska sentence.

Brown is incorrect. Section 2254(b)(2) specifically provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Indeed, Judge Urbom acknowledged the complicated procedural issues relating to the exhaustion of Brown's habeas claims and chose to address the claims on the merits in the interest of judicial economy as federal courts are permitted to do. (*See* Filing No. 31 at CM/ECF pp. 3–4, Case No. 8:10CV236 (citing *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated.")).)

Upon careful review of Brown's motion, the court concludes Brown has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the court's judgment of dismissal. He has not shown that the dismissal was the result of manifest error of law or fact. Thus, Brown has failed to establish sufficient grounds for setting aside the court's judgment under Rule 59(e).

IT IS THEREFORE ORDERED that: Petitioner's Motion for Reconsideration (filing 17) is denied.

---

[2] Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus on behalf of a person in state custody "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."

Dated this 12th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge